United States District Court
Southern District of Texas
**ENTERED**
July 11, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAJDI ABUGEITH and JIMMY BREWER, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. H-17-2934 |
| FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF HOUSTON, LLC, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Majdi Abugeith and Jimmy Brewer ("Plaintiffs"), on behalf of themselves and other similarly situated individuals, sued defendants Flowers Foods, Inc. and Flowers Baking Co. of Houston, LLC (collectively "Flowers" or "Defendants") under the Fair Labor Standards Act ("FLSA").[1] Pending before the court is Plaintiffs' Emergency Motion for Reconsideration, and Plaintiffs' Motion for Sanctions ("Motion for Reconsideration") (Docket Entry No. 24) and Plaintiffs' Motion for Sanctions, Temporary Restraining Order, Temporary and Permanent Injunction, and Motion for Court Issued Notice to Current and Putative Plaintiffs of Improper Actions by Defendants ("Motion for Sanctions") (Docket Entry No. 24-9). For

---

[1]See Plaintiffs' Original Complaint ("Complaint"), Docket Entry No. 1.

the reasons stated below, the court will deny both of Plaintiffs' motions.

## I. Factual and Procedural Background

The factual history of this case is explained in a prior opinion.[2] Plaintiffs executed a distributor agreement and signed Flowers Baking Co. of Houston, LLC ("Company") Amendment to Distributor Agreement ("Amendment") -- which included a mandatory arbitration clause[3] -- and Plaintiffs each signed an Arbitration Agreement contained in Exhibit 2 of the Amendment.[4] Plaintiffs filed this action on September 29, 2017, seeking overtime wages, liquidated damages, attorney's fees, and costs under the FLSA on behalf of themselves and a putative class of distributors.[5] Defendants filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) seeking an order dismissing the lawsuit and requiring Plaintiffs to arbitrate their claims with Defendants.[6] On May 15, 2018, the court granted

---

[2]Memorandum Opinion and Order, Docket Entry No. 22.

[3]Exhibits A and B to Appendix of Motion to Dismiss, or in the Alternative, to Compel Individual Arbitration ("Defendants' Appendix"), Docket Entry No. 5-1, pp. 4-7, 13-16.

[4]See Arbitration Agreement, Exhibit 2 to Amendment, Docket Entry No. 5-1, pp. 8-10, 17-19.

[5]Complaint, Docket Entry No. 1, pp. 12-13 ¶ 59 and Prayer for Relief.

[6]See Defendants' Motion to Dismiss or, In the Alternative, to Compel Individual Arbitration ("Motion to Dismiss"), Docket Entry No. 5, p. 2.

Defendants' Motion to Dismiss.⁷ Because the court concluded that the Arbitration Agreement and the delegation clause and class-action waiver within the Arbitration Agreement were enforceable, the court dismissed this action and compelled Plaintiffs to arbitrate this dispute individually.⁸

On June 12, 2018, Plaintiffs filed their Motion for Reconsideration and Motion for Sanctions urging the court to reconsider its Memorandum Opinion and Order granting Defendant's Motion to Dismiss, to impose sanctions against Defendants for improper conduct, and to issue a temporary restraining order and a preliminary injunction.⁹ Defendants filed a response on June 26, 2018, opposing Plaintiffs' motion.¹⁰

## II. **Analysis**

### A. Reconsideration Under Rule 59(e)

Plaintiffs argue that recently discovered information and the need to prevent manifest injustice require that the court reconsider its order compelling arbitration and dismissing the

---

⁷Memorandum Opinion and Order, Docket Entry No. 22, p. 11.

⁸Id. at 10.

⁹Motion for Reconsideration, Docket Entry No. 24, pp. 31-33; Motion for Sanctions, Exhibit 9 to Motion for Reconsideration, Docket Entry No. 24-9, p. 23.

¹⁰See Defendants' Response to Plaintiffs' Emergency Motion for Reconsideration, and Plaintiffs' Motion for Sanctions ("Defendants' Response"), Docket Entry No. 25.

action.[11] Defendants respond that Plaintiffs fail to satisfy the requirements of Rule 59(e).[12]

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (quotations and citations omitted). Motions under Rule 59(e) "should not be used to raise arguments that were presented or could have been presented in the past." Quinn v. Guerrero, 863 F.3d 353, 360 (5th Cir. 2017). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). Nevertheless, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Id.

Plaintiff Abugeith signed the Amendment on December 5, 2015, and signed the Arbitration Agreement on September 29, 2016. Plaintiff Brewer signed the Amendment on December 3, 2015, and signed the Arbitration Agreement on September 29, 2016.[13]

---

[11]Motion for Reconsideration, Docket Entry No. 24, p. 3.

[12]Defendants' Response, Docket Entry No. 25, p. 17.

[13]Exhibits A and B to Defendants' Appendix, Docket Entry No. 5-1, pp. 7, 10, 16, 19.

-4-

Plaintiffs argue that because nearly a year had elapsed between Plaintiffs' signing of the Amendment and the signing of the Arbitration Agreement, "[i]t is apparent that Defendants were scheming and actively involved in improper and illegal conduct . . . that demonstrates the active, ongoing interference perpetuated by Defendants in this current lawsuit."[14] Plaintiffs also argue that newly discovered evidence shows that Defendants used coercive and intimidating tactics to obtain employee signatures on the Amendment and the Arbitration Agreement.[15] In support, Plaintiffs attach eight employee affidavits,[16] two of which were signed after the court issued its Memorandum Opinion and Order on May 15, 2018.[17] Plaintiffs argue that they belong to the same class of people pressured into signing the Arbitration Agreement as the employees for whom Plaintiffs have provided affidavits.[18]

Plaintiffs' arguments that the one year that elapsed between their signing of the Amendment and the Arbitration Agreement is evidence of Defendants' improper conduct have no merit. Plaintiffs had this information, at the latest, when Defendants attached the

---

[14]Motion for Reconsideration, Docket Entry No. 24, p. 5.

[15]Id. at 4-5.

[16]See Exhibits 1-6, 11-12 to Motion for Reconsideration, Docket Entry Nos. 24-1, 24-2, 24-3, 24-4, 24-5, 24-6, 24-11, 24-12.

[17]See Affidavit of Pablo Silva, Exhibit 11 to Motion for Reconsideration, Docket Entry No. 24-11 (signed June 6, 2018); Affidavit of Michael Forney, Exhibit 12 to Motion for Reconsideration, Docket Entry No. 24-12 (signed May 24, 2018).

[18]Motion for Reconsideration, Docket Entry No. 24, p. 6.

agreements to its Motion to Dismiss on November 1, 2017. Plaintiffs have provided no excuse for their failure to raise this argument in response. Nor have Plaintiffs presented any evidence that they were coerced into signing the Arbitration Agreement. To the contrary, Defendants provided evidence that Plaintiffs knew that they had the option not to sign the Arbitration Agreement and knew that two lawsuits against Defendants were pending that Plaintiffs may be eligible to join.[19] Plaintiffs argue that Defendants' "irreparable tactics" were "meant to interfere with Plaintiffs' ability to join the aforementioned Texas lawsuits, as well as interfere with the instant suit."[20] Yet Plaintiffs have not attached their own affidavits and have not presented any other evidence that they were personally harassed, coerced, or intimidated by these tactics causing them to unwillingly sign the Amendment and the Arbitration Agreement. Moreover, even if they were newly discovered evidence, none of the attached affidavits mention Plaintiffs Abugeith and Brewer. Because Plaintiffs have provided no newly discovered evidence establishing that they did not voluntarily sign the Amendment or the Arbitration Agreement,

---

[19] Declaration of Charles Palmer Rich ("Rich Declaration"), Exhibit 1 to Defendants' Response, Docket Entry No. 25-1, pp. 5-6 ¶ 13; Memorandum from President of Flowers re Amendment, attached to Rich Declaration, Docket Entry No. 25-1, p. 60.

[20] Plaintiffs' Reply to Defendants' Response to Plaintiffs' Emergency Motion for Reconsideration and Motion for Sanctions ("Plaintiffs' Reply"), Docket Entry No. 26, p. 4.

the court concludes that Plaintiffs are not entitled to Rule 59(e) relief.

B. Motion for Sanctions

Plaintiffs request that the court suspend arbitration and issue a temporary restraining order, a temporary and permanent injunction, and a notice to current and putative plaintiffs of Defendants' actions.[21]

Courts have broad authority to govern the conduct of counsel and parties in collective actions. Gulf Oil Co. v. Bernard, 101 S. Ct. 2193, 2200 (1981). The court may limit communications with potential class members where there is a "clear record" of abuse. Id. Injunctive relief should only be granted when the movant has clearly met its burden to establish (1) a substantial likelihood that it will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the defendant, and (4) that granting the injunction will not disserve the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

Plaintiffs' request for sanctions is based on Defendants' "illegal and improper conduct . . . that was wholly intended to

---

[21]Motion for Sanctions, Exhibit 9 to Motion for Reconsideration, Docket Entry No. 24-9, pp. 2-3.

discourage and deter Plaintiffs and others from joining or otherwise participating in the current litigation."[22] Plaintiffs argue that Defendants created a "coercive atmosphere" that "calls into question the voluntary nature of the waivers."[23] In support, Plaintiffs cite the same affidavits attached to their Motion for Reconsideration.[24] Again Plaintiffs fail to present any evidence that Defendants pressured them to sign the Amendment or the Arbitration Agreement, that Plaintiffs felt increased pressure from the "coercive atmosphere" to sign the Amendment, or that Defendant engaged in other sanctionable behavior towards these two Plaintiffs. Therefore, the court will not impose sanctions against Defendants.

Plaintiffs also urge the court to issue a temporary restraining order to prohibit Defendants "from in any way threatening, discriminating or retaliating against Plaintiffs because they filed an opt-in form in the above-reference case, or because Plaintiffs participate in this lawsuit."[25] Plaintiffs argue that "by deterring participation in Plaintiffs' federal lawsuit, Defendants are impairing Plaintiffs' ability to exercise the private right of action that the FLSA guarantees all

---

[22]Id. at 3 (emphasis in original omitted).

[23]Id. at 16.

[24]See id. at 19-21.

[25]Id. at 22.

employees. . . . By doing so, Defendants are interfering with Plaintiffs' right of meaningful access to the courts."[26]

Defendants have not impaired Plaintiffs' ability to seek relief under the FLSA because Plaintiffs brought this action and may now seek complete relief in arbitration. See <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 105 S. Ct. 3346, 3354 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."). Defendants have not deprived Plaintiffs of the constitutional right of access to the courts because Plaintiffs voluntarily agreed to arbitrate their claims. See <u>14 Penn Plaza LLC v. Pyett</u>, 129 S. Ct. 1456, 1469 (2009) (explaining that although parties may not waive substantive statutory rights, they may waive "the right to seek relief from a court in the first instance"). Moreover, Plaintiffs have provided no evidence that Defendants took any retaliatory actions against them for bringing this action. Therefore, there is no substantial risk that irreparable harm will occur and any injunctive relief as to these Plaintiffs is not appropriate.

Because Plaintiffs have failed to provide evidence that Defendants directed any sanctionable conduct towards them or impaired Plaintiffs' right to relief, the court will deny Plaintiffs' Motion for Sanctions.

---

[26] <u>Id.</u> at 23 (internal citations omitted).

## III. Conclusion

For the reasons set forth above, Plaintiffs' Emergency Motion for Reconsideration, and Plaintiffs' Motion for Sanctions (Docket Entry No. 24) is **DENIED**; and Plaintiffs' Motion for Sanctions, Temporary Restraining Order, Temporary and Permanent Injunction, and Motion for Court Issued Notice to Current and Putative Plaintiffs of Improper Actions by Defendants (Docket Entry No. 24-9) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 11th day of July, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE